**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JERRY DOYLE,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Case No. 2:08-CV-761** |
| **v.** | : | |
| | : | **JUDGE ALGENON L. MARBLEY** |
| **JUDGE WILLIAM POLLITT, et al.** | : | |
| | : | **Magistrate Judge Kemp** |
| | : | |
| **Defendants.** | : | |

<u>**OPINION & ORDER**</u>

## I. INTRODUCTION

This matter is before the Court on Defendant Franklin County Municipal Court Judge William Pollitt's ("Judge Pollitt') Motion to Dismiss all claims against him pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Plaintiff Doyle ("Doyle"), pro se, brings this 42 U.S.C. § 1983 action against Defendants Judge Pollitt, Franklin County Sheriff Jim Karnes, Franklin County Commissioners Marilyn Brown, Mary Jo Kilroy, Paula Brooks, and Franklin County Administrator Don Brown in their official and individual capacities. Doyle's claims stem from his sentencing and subsequent incarceration in 2005. Doyle claims that Judge Pollitt violated his civil rights and numerous provisions of the Constitution by: improperly sentencing him to incarceration; conspiring with the other defendants to put him in the hole while serving his sentence; and refusing to grant him early release from jail. Judge Pollitt now moves to dismiss. For the reasons set forth below, the motion is **GRANTED**.

## II. BACKGROUND

In November 2003, Judge Pollitt sentenced Doyle to jail for disrupting a Columbus Board of Education meeting. The total sentence was 119 days imprisonment; 90 days for the 2003 incident plus an additional 29 days, which represented a reinstatement of a sentence for a similar incident in 2001. Doyle is African-American. He suffers from severe diabetes, among other medical conditions. Prior to his sentencing, he had several toes amputated due to the disease. (Pl.'s Opp'n Br. 2.)

While incarcerated Doyle alleges that he endured unsanitary conditions that exacerbated his pre-existing medical conditions. He claims that he was forced to sleep on a bug infested floor while housed in general population. Two weeks after he began serving his sentence, he was moved to "the hole" where he alleged the "toilet would fill up with feces from other inmates toilets every time they flushed." (Amend. Compl. ¶ 7.) After serving his sentence, Doyle was placed on dialysis and his leg was amputated due to his diabetes.

On October 22, 2008, Doyle filed an Amended Complaint against, among others, Judge Pollitt. In his Amended Complaint, Doyle claims that Judge Pollitt: (1) improperly sentenced him to the additional 29 days of imprisonment; (2) conspired to have him put in the hole because he had called a local radio show from the jail to complain about his treatment; and (3) refused to grant him early release even though he was eligible for it. Doyle insinuates that Judge Pollitt's refusal to grant early release was racially motivated. He claims that Judge Pollitt presented him with an ultimatum, via Doyle's counsel, to the effect that the Judge would release him from jail if he apologized to the Board of Education. He also claims that the unsanitary conditions in jail contributed to his need to be placed on dialysis and to have his leg amputated. He argues that Judge Pollitt's actions constituted malicious prosecution, deprived him of his First, Fifth, Eighth, Thirteenth, and Fourteenth Amendment rights in violation of 42 U.S.C. § 1983, and violated 42

U.S.C. § 1985.  Doyle seeks 5 million dollars in compensatory damages, injunctive relief, and punitive damages.  Judge Pollitt responded to the Amended Complaint with a Rule 12(b)(1) and 12(b)(6) Motion to Dismiss.

## II. STANDARD OF REVIEW

Judge Pollitt moves for dismissal based on both Rules 12(b)(1) and (6).  A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may attack the complaint on its face, in which case all allegations in the complaint are taken as true, or may go beyond the complaint and challenge the factual existence of subject matter jurisdiction.  *Golden v. Gorno Bros., Inc.*, 410 F.3d 879, 881 (6th Cir. 2005); *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004).  The resolution of a factual attack does not depend on the sufficiency of the pleading's allegation as the "court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case."  *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994).  The party that invokes federal jurisdiction has the burden of establishing its existence.  *Moir v. Greater Cleveland Reg'l Auth.*, 895 F.2d 266, 269 (6th Cir. 1990).

Under Fed. R. Civ. P. 12(b)(6) a case may be dismissed if the complaint fails to state a claim on which relief can be granted.  In ruling on such a motion, the Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party.  *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008); *Murphy v. Sofamor Danek Gp.,Inc.*, 123 F.3d 394, 400 (6th Cir. 1997).

## IV. LAW & ANALYSIS

Judge Pollitt contends that Doyle's claims against him should be dismissed because this Court lacks subject matter jurisdiction under the *Rooker-Feldman* Doctrine.  He also argues that

the claims against him must be dismissed because he is entitled to absolute immunity. Doyle

does not directly respond to Judge Pollitt's *Rooker-Feldman* argument, but instead reiterates his

allegations and attacks Judge Pollitt's claim to judicial immunity.

## A. Lack of Subject Matter Jurisdiction

The *Rooker-Feldman* doctrine stands for the proposition that the United States district

courts lacks subject matter jurisdiction to review state court decisions. *Rooker v. Fidelity Trust

Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *District of Columbia Court of Appeals v.

Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). The doctrine is limited to

"cases brought by state-court losers complaining of injuries caused by state-court judgments

rendered before the district court proceedings commenced and inviting district court review and

rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280,

284 (2005). The doctrine is based on the logic that because review of state court decisions is

vested in the United States Supreme Court under 28 U.S.C. § 1257(a), a district court lacks

jurisdiction to review a state court judgment. *Exxon Mobil Corp*, 544 U.S. at 292.

Accordingly, the party who lost "in state court is barred from seeking what in substance

would be appellate review of the state judgment in the United States district court, based on the

losing party's claim that the state judgment itself violates the loser's federal rights." *Tropf v.

Fid. Nat. Title Ins. Co.*, 289 F.3d 929, 937 (6th Cir. 2002) (citing *Johnson v. De Grandy*, 512

U.S. 997, 1005–06 (1994)). The *Rooker-Feldman* doctrine, however, does not apply to

"independent claims" before the district court. *Lawrence v. Welch*, 531 F.3d 364, 368 (6th Cir.

2007). The determination of whether a plaintiff is bringing an independent claim is based on the

"source of the injury." *Lawrence*, at 368. The district court only lacks jurisdiction under the

Doctrine if the "source of the injury" is a state court decision. *Lawrence*, 531 F.3d at 368. *See

*also McCormick v. Braverman*, 451 F.3d 382, 394 (6th Cir. 2006). If there is some other source of injury, such as the actions of a third party, the doctrine is inapplicable. *McCormick*, 451 F.3d at 392 (holding *Rooker-Feldman* doctrine did not preclude subject matter jurisdiction over plaintiff's claims that several defendants committed fraud and misrepresentation during state court proceeding as those claims were based on independent source of injury). "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment." *Tropf*, 289 F.3d at 937 (*citing Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir. 1998)).

The Court lacks subject matter jurisdiction over this matter because of the *Rooker-Feldman* doctrine. Doyle complains of injuries caused by a state court judgment rendered before these proceedings were commenced and invites the Court to review and reject that state court judgment. All of Doyle's allegations arise out of and due the sentence imposed. Doyle's alleged injury is his subjection to imprisonment and the deterioration of his health due to the unsanitary prison conditions. (Amend. Compl. ¶ 4.) Thus, the "source of his injury" is the state court's sentencing decision. Specifically, Doyle challenges the length of the sentence imposed, the propriety of his confinement to the hole given that he was a model prisoner, and the propriety of Judge Pollitt's refusal to grant him early release. These harms flow from the judge's sentencing decisions and no other source of injury is alleged. *See McCormick*, 451 F.3d at 394.

Furthermore, his request for damages based on his incarceration is predicated on his claim that the sentence he received was improper and granting such relief would necessarily imply the invalidity of his sentence. Such a result is prohibited under the *Rooker-Feldman* doctrine. *See Erlandson v. Northglenn Mun. Ct.*, 528 F.3d 785, 789 (10th Cir 2008)

(*Rooker-Feldman* doctrine bars § 1983 challenges to state court municipal convictions); *Sides v. City of Champaign*, 496 F.3d 820, 824 (7th Cir. 2007) (plaintiff's claims for post-conviction relief were barred because "except to the extent authorized by [habeas corpus], only the Supreme Court of the United States may set aside a judgment entered by a state court.").

### B.  Failure to State a Claim

Even if subject matter jurisdiction existed, Doyle's claims against Judge Pollitt are still subject to dismissal because Judge Pollitt's is entitled to judicial immunity.  All of Doyle's claims against Judge Pollitt are barred by judicial immunity.

Doyle seeks both monetary damages and injunctive relief against Judge Pollitt.  A judge performing judicial acts is absolutely immune from suits seeking monetary relief, regardless of the consequences which follow from his judicial acts.  *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991). Judicial immunity applies to § 1983 actions.  *Stern v. Mascio*, 262 F.3d 600, 606 (6th Cir. 2001). A judge is entitled to immunity even if he acted in error, in excess of his jurisdiction, in bad faith or maliciously.  *Id*. at 11; *Stump v. Sparkman*, 435 U.S. 349 (1978); *King v. Love*, 766 F.2d 962 (6th Cir. 1985).  A judge is not immune from suit, however, if the judge: (1) acts in a non-judicial capacity; or (2) acts in the "complete absence of all jurisdiction."  *Mireles*, 502 U.S. at 11-12.

Judge Pollitt's acts were not committed in the complete absence of jurisdiction.  The municipal courts "have jurisdiction within the corporate limits of their respective municipal corporations" and can exercise that jurisdiction over "the violation of any misdemeanor committed within the limits of [their] territory."  Ohio Revised Code Ann. §§1901.02(A) and 1901.20(A)(1); *State ex rel. Wellington v. Kobly*, 858 N.E.2d 798, 801 (Ohio 2006).  Based on those  provisions, Judge Pollitt "had jurisdiction to try, convict, and sentence" Doyle.

*Wellington*, 858 N.E.2d at 801.  Doyle argues that Judge Pollitt lacked jurisdiction to sentence him to the hole without a hearing or to arbitrarily add days to his sentence.  However, "[e]ven grave procedural errors or acts taken when no statute purports to confer on the court the authority purportedly exercised will not deprive a judge of judicial immunity" if there was subject matter jurisdiction over the case.  *Stern*, 262 F.3d at 607; *Stump v. Sparkman*, 435 U.S. 349, 359-60 (1978).  Doyle has not argued that the municipal court lacked subject matter jurisdiction over his misdemeanor case, nor would any such argument be successful as the case falls squarely within the subject matter jurisdiction of that court.  Accordingly, even if Judge Pollitt exceeded his authority by sentencing Doyle to solitary confinement in the hole, that act does not deprive him of immunity.  *See Stump,* 435 U.S. at 356-57.

Furthermore, Judge Pollitt's challenged actions were performed in his judicial capacity. All of the acts Doyle challenges related to the imposition or modification of his sentence. Sentencing defendants to imprisonment is clearly a judicial act to which absolute immunity applies, even if the sentence imposed was in excess of the maximum permitted under state law. *Cross v. Winningham*, No. 88-6120, 1989 WL 14026 at *1 (6th Cir. Feb. 22, 1989).  Similarly, denial or approval of a motion for early release is one ordinary performed by a trial judge.  *See* Ohio Rev. Code § 2929.20. As Judge Pollitt performed judicial acts and the municipal court had subject matter jurisdiction over Doyle's case, he is entitled to judicial immunity regardless of whether he knew of Doyle's serious medical condition.  *See Garner v. Raulston*, 390 F.2d 644 (6th Cir. 1968) (affirming without need for further argument district judge's dismissal of suit against state court judge who imposed sentence as frivolous).

Doyle's request for injunctive relief against Judge Pollitt is also barred by Judge Pollitt's absolute immunity.  State judges are absolutely immune to § 1983 actions seeking injunctive

relief "unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983; *see also Kipen v. Lawson*, 57 F.App'x 691, 691-92 (6th Cir. 2003). Doyle has not shown that either exception applies.

Doyle does not argue that declaratory relief is unavailable in this case. Instead, he argues that Judge Pollitt is not immune from injunctive relief "[b]ecause there is [sic] allegations that Judge Pollitt violated a declaratory decree." (Pl.'s Opp'n Br. 5.) He fails in his brief, however, to identify the decree to which he is referring and his "conclusory allegations . . . will not suffice to prevent a motion to dismiss." *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). Moreover, the Court has thoroughly reviewed his Amended Complaint and can find no such allegation. *Id.* ("To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory."). Consequently, Doyle's complaint fails to state a claim on which injunctive relief can be granted against Judge Pollitt. *See Massey v. Stosberg*, 136 F.App'x 719, 720 (6th Cir. 2005).

## V. CONCLUSION

For the reasons stated above, Defendant Judge Pollitt's Motion to Dismiss (Doc. no. 9) is **GRANTED.**

**IT IS SO ORDERED.**


       **s/Algenon L. Marbley**
       **ALGENON L. MARBLEY**
       **UNITED STATES DISTRICT JUDGE**

**Dated: July 15, 2009**