IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **JERRY DOYLE,** | : |
| **Plaintiff,** | : |
| | : Case No. 2:08-CV-761 |
| v. | : |
| | : JUDGE ALGENON L. MARBLEY |
| **JUDGE WILLIAM POLLITT, et al.** | : |
| | : Magistrate Judge Kemp |
| **Defendants.** | : |

## OPINION & ORDER

### I. INTRODUCTION

This matter comes before the Court on pro se Plaintiff Jerry Doyle's ("Doyle") Motion for Reconsideration (Dkt. 16) of this Court's Order (Dkt. 15) Granting Defendant Franklin County Municipal Judge William Pollitt's ("Judge Pollitt") Motion to Dismiss (Dkt. 9) all claims against him pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[1] Doyle moves for reconsideration of the Court's decision dismissing all claims against Judge Pollitt. Doyle also asks the Court for an extension of time to find an attorney, and asks the Court for assistance in finding an attorney. For the following reasons, Doyle's Motion for Reconsideration, Motion for an Extension of Time, and Motion for Assistance in Finding Counsel are **DENIED.**

---

[1] Although Doyle's plain language moves for an "En-Banc Court Reconsideration", asking for "(All) of the [j]udges in the Sixth Circuit Court to examine...[the] Order and Opinion..."(Dkt 16), given that Doyle filed the Motion in this Court, and given the substance of his Motion, this Court construes it as a Motion for Reconsideration. Review by the United States Court of Appeals for the Sixth Circuit would only be available to Doyle should he choose to pursue an appeal of this Court's Order.

## II. BACKGROUND

This Court ruled in its Opinion and Order on Judge Pollitt's Motion to Dismiss all claims ("Order") that "[t]he Court lacks subject matter jurisdiction over this matter because of the *Rooker-Feldman* Doctrine," and that "[a]ll of Doyle's claims against Judge Pollitt are barred by judicial immunity." *Doyle v.Pollitt*, No. 2:08-CV-761, 2009 WL 2146260 at *3 (S.D. Ohio July 15, 2009). Specifically, this Court found that the source of Doyle's alleged injuries were the state court's sentencing decisions. *Id*. Therefore, Doyle was, in essence, asking the Court to review and reject a state court decision– a result the *Rooker-Feldman* doctrine prohibits. Furthermore, the Court found that Judge Pollitt's sentencing actions were performed in his judicial capacity, and were not "committed in the complete absence of jurisdiction." *Id*. Therefore, Judge Pollitt is entitled to judicial immunity. *Id*.

Doyle has moved for reconsideration of this Court's Order. Doyle asks the Court to reexamine all of the allegations listed in his amended complaint, focusing on his allegations of discrimination, improper sentencing, and refusal of early release. In addition, Doyle asks the Court for an extension of time to find an attorney, and for the Court's assistance in finding him an attorney.

## III. STANDARD OF REVIEW

The Federal Rules do not expressly provide for "Motions for Reconsideration." *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004). Nevertheless, "[d]istrict courts have authority both under common law and [Federal Rule of Civil Procedure] 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment." *Id*. Motions for reconsideration serve a limited function. Generally, a motion for reconsideration is only warranted when there is: (1) an intervening change of controlling law; (2)

new evidence available; or (3) a need to correct a clear error or prevent manifest justice. *Id.* Motions for reconsideration are not intended to re-litigate issues previously considered by the Court or to present evidence that could have been raised earlier. *See J.P. v. Taft*, No. C2-04-692, 2006 U.S. Dist. LEXIS 14595, 2006 WL 689091, at *13 (S.D. Ohio Mar. 15, 2006).

## IV. LAW & ANALYSIS

Doyle's argument for reconsideration reiterates his allegations against Judge Pollitt. He does not contend that there has been an intervening change in controlling law or that there is new evidence available. Therefore, the Court's analysis focuses on whether the dismissal of all of the claims against Judge Pollitt was clearly erroneous. After reviewing the record and the controlling law, the Court concludes it did not err in dismissing all of Doyle's claims against Judge Pollitt.

### A. Subject Matter Jurisdiction

This Court lacks subject matter jurisdiction over Doyle's claims because of the *Rooker-Feldman* doctrine. "The United States District Courts...do not have jurisdiction...over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." *Tropf v. Fid Nat. Title Ins. Co.*, 289 F.3d 929, 936 (6th Cir. 2002)(citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983). A party who lost "in state court is barred from seeking what in substance would be appellate review of the state judgement in the United States District Court..." *Id.* Review of the state court's judgement is vested in the United States Supreme Court under 28 U.S.C. § 1257(a). *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005).

The *Rooker-Feldman* doctrine "is confined to cases...brought by state court losers complaining of injuries caused by state court judgments rendered before the district court

3

proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp.*, 544 U.S. at 284. The *Rooker-Feldman* doctrine does not apply to independent claims before the court. *Lawrence v. Welch*, 531 F.3d 364, 368 (6th Cir. 2007). The inquiry is "whether the source of the injury upon which plaintiff bases his claim is the state court judgement." *Id.* Here, Doyle asserts that Judge Pollitt's judgments themselves are unconstitutional; therefore, his claims are precluded by The *Rooker-Feldman* doctrine.

In his Motion for Reconsideration, Doyle does not address the *Rooker-Feldman* doctrine. He reiterates his allegations that Judge Pollitt's sentencing decision was improper, his confinement to the hole was unwarranted, and his denial of early release was unconstitutional. These harms flow directly from Judge Pollitt's sentencing decisions. Thus, the "source of the injury" is the state court's sentencing judgment. The Court did not err in finding that it lacks subject matter jurisdiction over this matter because of the *Rooker-Feldman* doctrine.

## A. Failure to State a Claim

Even if Doyle's claims were not barred by the *Rooker-Feldman* doctrine, Judge Pollitt is entitled to judicial immunity. Doyle seeks both monetary damages and injunctive relief. A judge performing judicial acts is absolutely immune from suits seeking monetary relief, regardless of the consequences which follow from his judicial acts. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991). A judge is entitled to immunity even if he acted in error, in excess of his jurisdiction, in bad faith or maliciously. *Id.* at 11; *Stump v. Sparkman*, 435 U.S. 349 (1978); *King v. Love*, 766 F.2d 962 (6th Cir. 1985). A judge is not, however, immune if the judge: (1) acts in a non-judicial capacity; or (2) acts in the "complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11-12.

4

Judge Pollitt's actions were performed in his judicial capacity. Sentencing defendants to imprisonment is clearly a judicial act, even if the sentence imposed was in excess of the maximum permitted under state law. *Cross v. Winningham*, No. 88-6120, 1989 WL 14026 at *1 (6th Cir. Feb. 22, 1989). Denial or approval of a motion for early release is also within discretion of the trial judge. *See* Ohio Rev. Code § 2929.20. Doyle alleges his sentence was too long and his confinement to the hole was improper. In addition, Doyle challenges the propriety of his denial for early release. Judge Pollitt acted within his judicial capacity in making these sentencing decisions.

Furthermore, Judge Pollitt's acts were not committed in the "complete absence of jurisdiction." The municipal courts "have jurisdiction within the corporate limits of their respective municipal corporations," and can exercise jurisdiction over "the violation of any misdemeanor committed within the limits of [their] territory." Ohio Rev. Code §§ 1901.02(A) and 1901.20(A)(1). Under these provisions, Judge Pollitt "had jurisdiction to try, convict, and sentence" Doyle. *State ex rel. Wellington v. Kobly*, 858 N.E.2d 798, 801 (Ohio 2006). Even if a judge exceed his authority in sentencing, the act still does not deprive the judge of immunity if there was subject matter jurisdiction over the case. *Stern v. Mascio*, 262 F.3d 600, 607 (6th Cir. 2001); *Stump*, 435 U.S. at 356-57. Doyle does not dispute the municipal court's, or Judge Pollitt's, subject matter jurisdiction over his misdemeanor case. Rather he alleges that Judge Pollitt exceeded his authority in sentencing him, and acted improperly in denying his early release. Even if these allegation are true, Judge Pollitt had subject matter jurisdiction over Doyle's case, and Judge Pollitt would not be deprived of his immunity by exceeding his sentencing authority.

In conclusion, Judge Pollitt acted in his judicial capacity in sentencing Doyle. He did not act in "the complete absence of jurisdiction," and the municipal court had subject matter jurisdiction

over Doyle's misdemeanor case. Accordingly, the Court did not err in finding Doyle's claims for monetary damages were barred by judicial immunity.

Doyle also request injunctive relief against Judge Pollitt. State judges are immune to § 1983 actions seeking injunctive relief "unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983; *see also Kipen v. Lawson*, 57 F.App'x 691, 691-92 (6th Cir. 2003). On motion for reconsideration, Doyle does not dispute that declaratory relief was available. In fact, he insists that declaratory relief is available. (Pl.'s Mot. ¶5). Furthermore, he does not dispute the Court's finding that no violation of a declaratory decree was identified. The Court did not err in finding that Doyle's complaint fails to state a claim on which injunctive relief can be granted.

Accordingly, Doyle's Motion for Reconsideration is **DENIED**.

### C. Motion for Extension of Time to Find Counsel and Motion for Assistance in Finding Counsel

In addition to his Motion for Reconsideration, Doyle also requests a time extension and the Court's assistance in finding an attorney. Doyle filed the motion on July 28, 2009. (Dkt. 16). Since filing the motion, Doyle has had six months to find and secure counsel. Additional time is unnecessary. In addition, the Courts assistance in finding Doyle counsel is not appropriate. The Court is under no duty to appoint counsel in a civil action. The appointment of counsel is a privilege, and only justified only under exceptional circumstances. *Willett v. Wells*, 469 F.Supp. 748, 751 (W.D.Tenn.1977), aff'd, 595 F.2d 1227 (6th Cir.1979); *Jones v. Brunsman*, No. 2:08-CV-0026, 2008 WL 3980899 at *2 (S.D. Ohio Aug. 21, 2008). Appointment is not appropriate when the likelihood of the prisoner's success on the merits is highly dubious. *Id.* Where a pro se litigant's claims are frivolous or the complaint suffers from fatal jurisdictional defects the appointment of counsel would be futile. *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985); *See also Jones*, 2008

WL 3980889 at *2. As discussed above, this Court lacks subject matter jurisdiction over Doyle's claims, and Judge Pollitt is entitled to judicial immunity. The claim does not meet the threshold jurisdictional requirements, and this Court's assistance in securing Doyle counsel is unwarranted. Therefore, Doyle's motions regarding securing counsel are **DENIED**.

## V. CONCLUSION

For the foregoing reasons, this Court **DENIES** Doyle's Motion for Reconsideration, Motion for an Extension of Time and Motion for Assistance in Finding Counsel.

**IT IS SO ORDERED.**

                                                                                s/Algenon L. Marbley
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

DATED: February 22, 2010

7