UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JERRY DOYLE,

     **Plaintiff,**

vs.

     Civil Action 2:08-cv-761
     Judge Algenon L. Marbley
     Magistrate Judge E.A. Preston Deavers

**JUDGE WILLIAM POLLITT,** *et al.*,

     **Defendants.**

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

This matter is before the Court for consideration of the Motion to Dismiss all claims pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendant Administrator Don Brown and the Franklin County Board of Commissioners, consisting of Defendants Marilyn Brown, Mary Jo Kilroy, and Paula Brooks. Plaintiff brings this action under 42 U.S.C. § 1983 against Defendants in their official capacities. Plaintiff's claims stem from his sentencing and incarceration in 2006. In their Motion, Defendants Don Brown and the Franklin Board of Commissioners contend that Plaintiff has failed to state a claim upon which relief can be granted. The Court agrees. For the reasons that follow, it is **RECOMMENDED** that the Court **GRANT** Defendant Don Brown and the Franklin County Board of Commissioners' Motion to Dismiss (Doc. 28).

### II. BACKGROUND

In November 2003, Judge Pollitt sentenced Plaintiff to ninety days imprisonment for

disrupting a meeting of the Columbus Board of Education. Judge Pollitt also reinstated an additionally twenty-nine days for a similar previous incident, making Plaintiff's total sentence 129 days. Plaintiff began serving his prison sentence in 2006. According to Plaintiff, after serving fourteen days of the sentence, he was placed into "the hole" for the remainder of his confinement. (Amend. Compl.3.) Plaintiff contends that the combination of unsanitary conditions in the hole, and pre-existing medical conditions, led to the need to amputate his leg.[1]

On October 22, 2008, Plaintiff filed an Amended Complaint in this action. In the Amended Complaint, Plaintiff raises various constitutional claims arising out of his sentencing and incarceration. Specifically, Plaintiff brings claims for violations of his First, Fifth, and Eighth Amendment rights. Plaintiff, who is an African American, brings additional claims under the Thirteenth and Fourteenth Amendments. The majority of Plaintiff's Amended Complaint is focused on the behavior of Defendants Pollitt and Karnes. On July 15, 2009, this Court granted Defendant Judge Pollitt's motion to dismiss Plaintiff's claims against him.[2]

The Amended Complaint contains few references to Defendants Don Brown and the

---

[1] Plaintiff is a diabetic who underwent foot surgery prior to his incarceration. Plaintiff's Amended Complaint does not provide the specific date of the amputation that occurred after his confinement.

[2] The Court granted Judge Pollitt's motion in part because it found that it lacked subject matter jurisdiction under the *Rooker-Feldman* doctrine. (*See* Op. & Order, 7/15/09, 5–7.) The Board did not raise this issue in their Motion to Dismiss. The *Rooker-Feldman* doctrine prevents "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced." *In re Hamilton*, 540 F.3d 367, 371–72 (6th Cir. 2008) (quoting *Exxon Mobil Corp. v. Saudi Basic Indust. Corp.*, 544 U.S. 280, 291 (2005). Nevertheless, the doctrine "provides no escape from claims that seek relief from other injuries, such as those caused by third parties." *Id.* at 372. Construing the Amended Complaint liberally, Plaintiff claims against the Board do assert injury as the result of actions outside of the state court judgment. Accordingly, in an abundance of caution, the Court will proceed assuming that subject matter jurisdiction exists for Plaintiff's claims against the Board.

Franklin County Board of Commissioners (collectively, "the Board"). It appears that Plaintiff seeks to hold the Board liable as "the boss over the judges and sheriff." (Compl. 1.) Plaintiff also makes that general assertion that "All Defendants acted under Color of Law . . . [creating] an [u]nconstitutional pattern, practice and policy-in-fact." (Compl. 15.) Additionally, Plaintiff contends that all Defendants "fail[ed] to adequately train and supervise" employees. (*Id.*) In their Motion to Dismiss for failure to state a claim, the Board maintains that they may not be held liable because the Board had no authority or "connection with any of the events contained in the amended complaint." (Defs.' Mot. to Dismiss 2.)

### III. STANDARD OF REVIEW

The Board has moved for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)); *see also Hensley Mfg. v. Propride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (same).

The standard is one of facial plausibility: "a complaint must contain sufficient-factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949. Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* (internal citations omitted).

On a motion to dismiss under Rule 12(b)(6), the Court "'must take all factual allegations in the complaint as true.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Furthermore, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont County Sheriff's Dept.*, No. 08-3978, 2010 WL 1252923 at *2 (6th Cir. 2010)(quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). The Court, however, is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 129 S.Ct. at 1950 (quoting *Twombly*, 550 U.S. at 555).

### IV. ANALYSIS

Construing Plaintiff's Amended Complaint liberally, as the Court must, Plaintiff brings this action under 42 U.S.C. § 1983, claiming that the Board members, in their official capacities, violated his constitutional rights.

In order to plead a cause of action under § 1983, Plaintiff must plead two elements: "(1) deprivation of a right secured by the Constitution of laws of the United States (2) caused by a person acting under color of state law." *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008)(citing *McQueen v. Beecher Cmty. Sch.*, 433 F.3d 460, 463 (6th Cir. 2006)). Furthermore, "[s]ection 1983 liability must be based on more than mere respondeat superior." *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). Accordingly, when government officials are sued in their official capacities "under §1983, 'the [governmental] entity's policy or custom must have played a part in the violation of federal law.'" *S.H.A.R.K. v. Metro Parks Serving Summit County*, 499 F.3d 553, 564 (6th Cir. 2007)(quoting *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)).

4

To the extent that Plaintiff is attempting to hold the Board liable for a supervisory role, "[a] supervisor is not liable under § 1983 for failing to train unless the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." *Everson*, 556 F.3d at 495 (internal quotation omitted). Consequently, to hold the Board liable as supervisors, Plaintiff "must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Id.*

In this case, even when holding Plaintiff to the lenient *pro se* standard, Plaintiff has failed to state a claim upon which relief can be granted. Because respondeat superior does not apply in § 1983 claims, the Board cannot be liable simply as "the boss over the judges and sheriff." (*See* Compl. 1.) Plaintiff does contend that all Defendants created policies and patterns that led to the violation of his rights. (Compl. 15.) Furthermore, Plaintiff maintains that all Defendants failed to "adequately train and supervise." (*Id.*) Nevertheless, Plaintiff fails to provide any factual allegations to support these labels and conclusions specifically related to the Board Defendants. The Amended Complaint in no way indicates how the Board implemented policies that allegedly violated Plaintiff's rights. Nor does the Amended Complaint describe what the Board's policies and customs actually were. Moreover, Plaintiff does not provide any information detailing the Board's authorization, approval, or acquiescence in unconstitutional behavior.

In addition to his failure to provide factual support for the alleged policies of the Board, Plaintiff has failed to assert in his Amended Complaint that the Board had any authority to enact policies. The Board has "a limited set of powers and duties dictated by statute." *Loggins v. Franklin County, Ohio*, 218 Fed. Appx. 466, 474 (6th Cir. 2007)(citing Ohio Rev. Code Ann.

§§ 305.01, 307.01). Under Ohio statutory law, the Sheriff, and not the Board, is responsible for the daily operation of the jail. Ohio Rev. Code Ann. § 341.01 ("The sheriff shall have charge of the county jail and all persons confined therein."). Additionally, "[t]he Board's role in the judicial system is limited to a duty to provide a courthouse." *Loggins*, 218 Fed. Appx. At 474 (citing Ohio Rev. Code Ann. § 307.01). Accordingly, Plaintiff has failed, in his Amended Complaint, to describe how the Board is responsible for any violations occurring during his sentencing and incarceration.

## V. CONCLUSION

Because Plaintiff's Amended Complaint fails to provide sufficient factual support for his claim against the Board, it is **RECOMMENDED** that Court **GRANT** Defendant Don Brown and the Franklin County Board of Comissioners' Motion to Dismiss (Doc. 28) and **DISMISS** Plaintiff's causes of action against Defendants Don Brown, Marilyn Brown, Mary Jo Kilroy, and Paula Brooks with prejudice.

## VI. NOTICE

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and

waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

May 25, 2010                                                            /s/ *Elizabeth A. Preston Deavers*
                                                                        Elizabeth A. Preston Deavers
                                                                        United States Magistrate Judge